IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLEN BLANCH (#2014-1126150), | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 11480 |
| | ) |
| COOK COUNTY CERMAK HEALTH SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM ORDER</u>**

Well over 2500 years ago Aesop wrote:

The gods help them that help themselves.

That same aphorism has repeatedly been voiced over the intervening centuries -- by Aeschylus, by Sophocles, by Euripides, by George Herbert, by Algernon Sidney and by Benjamin Franklin -- the last source listed in <u>Bartlett's</u> <u>Familiar</u> <u>Quotations</u>), who put the same basic wisdom in monotheistic terms:

God helps them that help themselves.

This Court surely has no illusions of divinity, but it shares the same frustration when, as here, its effort to assist a pro se prisoner litigant goes entirely unheeded.

There is no need to repeat what this Court said in its January 12, 2016 memorandum order ("Order"), in which it reviewed and revised materially the draft that had been prepared by a staff attorney to deal with the pro se Complaint filed by pretrial detainee Allen Blanch ("Blanch") -- instead a copy of the Order is attached to this revised effort by this Court. One important reason for the issuance of the Order, rather than the version that had been prepared by

staff counsel, is that the latter had proposed to recruit a member of this District Court's trial bar to represent Blanch even though he himself had made no request for such representation and, more critically as a legal matter, had made no effort to obtain counsel on his own (a precondition imposed by our Court of Appeals before any such designation may be made). But as the Order reflects, this Court voluntarily accompanied the Order with a transmittal to Blanch of (1) several Clerk's-Office-supplied forms of a Motion for Attorney Representation ("Motion") together with (2) a copy of the Order, which stated in unambiguous terms:

> Blanch must first make some effort to secure counsel on his own so that he can fill in a response to paragraph 2 of the Motion, for our Court of Appeals requires such a showing before any such motion may be honored. As soon as Blanch complies in that respect, this Court will take the appropriate action to obtain counsel to represent him.[1]

---

[1] Designated counsel should then consider the possibility of amending Blanch's self-prepared Complaint, which does not adequately identify which of his named defendants is charged with which claimed violation of his constitutional rights.

More than a month has elapsed since that January 12 transmittal, and Blanch has done nothing at all. Meanwhile the initial status hearing that the Order had set for 9 a.m. February 18 "on the premise that Blanch's case will indeed go forward" is hard upon us, so that Blanch has really wasted more than a month without "helping himself."

Prisoner litigation poses a host of problems at best, but it is particularly frustrating when (as has occurred here) a prisoner's self-described claim is taken seriously by a court that recognizes the truism that pro se litigation is always difficult, a difficulty that is compounded by the pro se litigant's being in custody and thus having that much less ability to serve his own interests, and when the prisoner simply ignores the court's effort to assist him. Nonetheless this Court will give Blanch one more chance -- it is again sending several copies of the Motion form

to him, together with another copy of the original Order, so that he can carry out the responsibility identified in the Order (meanwhile, of course, vacating the February 18 initial status hearing date).  But if Blanch has not "helped himself" by returning two properly-filled-out copies of the Motion to the Clerk's Office on or before March 10, this Court will be constrained to dismiss his Complaint and this action for want of prosecution.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Milton I. Shadur
　　　　　　　　　　　　　　　　　Senior United States District Judge

Date:  February 17, 2016

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ALLEN BLANCH** (#2014-1126150), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15 C 11480 |
| ) | |
| **COOK COUNTY CERMAK** ) | |
| **HEALTH SERVICES**, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Allen Blanch ("Blanch") has utilized the Clerk's-Office-supplied form of Complaint Under the Civil Rights Act to assert a 42 U.S.C. § 1983 ("Section 1983") that charges that he was the victim of improper medical treatment by Cook County Cermak Health Services, its Medical Director Connie Mennella, two unidentified doctors and two named staff members affiliated with Cermak Health Services. This Court has engaged in the initial screening called for by 28 U.S.C. § 1915A (a)[1] in situations in which a prisoner such as pretrial detainee Blanch "seeks redress from a governmental entity or officer or employee of a governmental entity," and it has made the threshold determination that Blanch's allegations arguably advance a claim of deliberate indifference to serious medical needs coming within the purview of Estelle v. Gamble, 429 U.S. 97 (1976), so that his action can go forward.

---

[1] All further citations to Title 28 provisions will take the form "Section --," omitting the prefatory "28 U.S.C. §."

ATTACHMENT

As the first order of business, this Court has made the calculation called for by Section 1915(b)(1) and has determined that the average monthly deposits to Blanch's trust fund account at the Cook County Department of Corrections ("Cook County Jail," where he is in custody) during the six-month period ended December 15, 2015 (the Complaint's "filing" date under the "mailbox rule") came to $103, 20 percent of which (id.) is $20.60. Accordingly Blanch is assessed that initial partial filing fee of $20.60, and the County Jail trust fund officer is ordered to collect that amount form Blanch's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

>Office of the Clerk
>United States District Court
>219 South Dearborn Street
>Chicago, IL   60604
>
>Attention: Fiscal Department.

After such payment, the trust fund officer at Cook County Jail (or at any other correctional facility where Blanch may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Blanch's name and the 15C 11480 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Cook County Jail trust fund officer.

To turn to the substance of Blanch's Complaint, even though it is both articulate and detailed there is no question that he would be better served if he were represented by a member of this District Court's trial bar -- and indeed, experience teaches that the defendants and this Court would also be best served if legal counsel were involved on both sides of the "v." sign.

But in that respect Blanch has not sought such representation, and for that purpose this Court is sending him copies of another Clerk's-Office-supplied-form -- the Motion for Attorney Representation ("Motion") -- together with a copy of this memorandum order, so that he may complete and return two copies of the Motion to the Clerk's Office. Blanch must first make some effort to secure counsel on his own so that he can fill in a response to paragraph 2 of the Motion, for our Court of Appeals requires such a showing before any such motion may be honored. As soon as Blanch complies in that respect, this Court will take the appropriate action to obtain counsel to represent him.[2]

In the meantime this action is being scheduled for an initial status hearing at 9 a.m. February 18, 2016 on the premise that Blanch's case will indeed go forward. For that purpose this Court is contemporaneously issuing its usual initial scheduling order.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 12, 2016

_____
[2] Designated counsel should then consider the possibility of amending Blanch's self-prepared Complaint, which does not adequately identify which of his named defendants is charged with which claimed violation of his constitutional rights.