# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ALLEN BLANCH** (#2014-1126150), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15 C 11480 |
| ) | |
| **COOK COUNTY CERMAK** ) | |
| **HEALTH SERVICES**, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Attorney Stuart Stein ("Stein"), whom this Court drew from the trial bar pool to represent prisoner plaintiff Allen Blanch ("Blanch"), has filed a motion (Dkt. No. 13) (1) for an extension of time to file an Amended Complaint to supplant Blanch's original pro se effort and (2) for leave to serve a Fed. R. Civ. P. 45 subpoena on Cermak Health Services of Cook County. Although it may perhaps seem odd to apply this District Court's LR 5.3(b), which requires every motion to be accompanied by a notice of presentment, to a threshold motion such as that filed by attorney Stein -- after all, no defendant has yet come into the case -- a moment's thought would have led to the realization that the absence of such a notice to the judge assigned to the case would leave the matter in limbo. It was only this Court's regular review of ECF filings, which triggered a printout of the motion, that brought the matter to this Court's attention.

Indeed, this Court's regular practice when (as here) any lawyer has not complied with the LR 5.2(f) mandate for delivery of a Judge's Copy of every filing to the assigned judge's chambers is to wait for about a week and then order such delivery together with payment of a $100 fine. That will not be done here, but only because attorney Stein is acting pro bono and this Court would be loath to impose such a sanction under those circumstances.

All of this, however, is a prelude to granting both aspects of the motion, and this Court does so.  But that grant also requires a further directive to attorney Stein, because this Court's initial scheduling order entered on March 10 has set an initial status hearing at 9 a.m. May 3.  Even though attorney Stein contemplates the future preparation and filing of an Amended Complaint, he should now proceed promptly with the service of process on one or more of the presently designated defendants so that some defense counsel may be in place in time for attendance at that status hearing.  If that is not feasible, attorney Stein should file a motion to vacate that status hearing date and replace it with one that meshes better with the posture of the case.

 

_____
Milton I. Shadur
Senior United States District Judge

Date:  April 5, 2016